**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SCOTT A. HODES
1410 Aintree Drive
Rockville, MD 20850

Plaintiff,

v. : Civil Action No.____________

U.S. DEPARTMENT OF TREASURY
1500 Pennsylvania Ave. N.W.
Washington, D.C. 20220,

And

INTERNAL REVENUE SERVICE
1111 Constitution Ave., N.W.
Washington, D.C. 20224

Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, 31 C.F.R. Part 1, *et seq*. and 26 C.F.R. § 601.702 *et seq.* challenging the failure of the United States Department of Treasury ("Treasury") and its component, the Internal Revenue Service ("IRS") to fulfill the request for information made on September 27, 2016 by Scott A. Hodes ("Hodes").

2. This case seeks declaratory relief that defendants are in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendants immediately and fully comply with plaintiff's request under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Scott A. Hodes is an attorney practicing law in the District of Columbia and the State of Maryland.

5. Defendant Treasury is an agency within the meaning of 5 U.S.C. § 552(f). Defendant IRS is a component of Treasury. Defendant Treasury and its component IRS is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA request of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

12. The Treasury Department has FOIA regulations mandating its requirements to respond to FOIA requests. 31 C.F.R. Part 1, *et seq*. The IRS has FOIA regulations mandating its requirements to respond to FOIA requests. 26 C.F.R. § 601.702 *et seq.*

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

13. By letter dated September 27, 2016, plaintiff submitted a FOIA request to Rhonda O'Reilly, FOIA Contact for the IRS seeking two (2) categories of records concerning the Private Debt Collection contract recently entered into by the IRS with four private companies. The specific categories plaintiff sought were:

1. The RFP including any addendums; and

2. The contract, including, but not limited to pricing percentage rates to be paid to the contractors.

14. By letter dated November 2, 2016, the IRS released certain information responsive to the request concerning the Private Debt Collection contracts (part 2 of the request). However, the IRS withheld 25 pages in part pursuant to FOIA exemptions 4 and 6. The material withheld pursuant to FOIA exemption 4 included the pricing percentage rates paid to the contractors.

15. By letter dated December 15, 2016, the IRS released certain responsive information concerning the first part of the request.

16. By letter dated December 30, 2016, plaintiff submitted an administrative appeal of the withholding of the pricing percentage rates paid to the contractors pursuant to FOIA exemption 4. Plaintiff provided a detailed argument as to why this material was neither confidential business information nor trade secret and therefore not covered by FOIA exemption 4.

17. By letter dated January 12, 2017, the IRS Appeals Office summarily affirmed the IRS withholding of information pursuant to Exemption 4 of the FOIA, finding that the material was confidential business information.

18. The withheld records are not, despite the opinion of the IRS, confidential business information within the definition of exemption 4. As such, the IRS has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that the defendants have violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(2) Order the defendants to release all records responsive to plaintiff's FOIA request withheld pursuant to FOIA exemption 4;

(3) Order a disciplinary investigation of defendant IRS's entire FOIA operations pursuant to 5 U.S.C. § 552(a)(4)(F).

(4) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Plaintiff/Attorney for Plaintiff